UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x   Case No.:
EDAN MOSHE, on behalf of himself and all others
similarly situated,

                Plaintiff,                        **COMPLAINT FOR**
        -against-                          **DAMAGES**

HOME CLEAN HOME, INC. NICOLE LEVINE,        **JURY TRIAL**
Individually, EDERI HANANYA, individually,       **REQUESTED**
and DOES 1 - 3
                Defendants.
-----------------------------------------------------------------------x

       Plaintiff Edan Moshe ("Edan"), on behalf of himself and all others similarly situated, by

and through his attorneys, Sol Kodsi and Roman Leonov, brings this complaint against HOME

CLEAN HOME, INC., NICOLE LEVINE, RALPH PENIGUA, EDERI HANANYA, and DOES

1 – 3 (from herein collectively referred to as "Defendants"), and alleges upon knowledge as to

himself and his own actions and upon information and belief as to all other matters as follows:


## INTRODUCTION

1.     Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), as

amended, 29 USC § 201, *et seq,* to recover unpaid wages, overtime and other damages including

but not limited to liquidated damages and attorneys' fees and costs.

2.     Plaintiff likewise brings this action to recover unpaid wages, overtime and other damages

under provisions of the New York Minimum Wage Act and the New York Labor Law

("NYLL").

3.     Plaintiff worked for the Defendants as a general laborer/installer. Plaintiff's duties

involved installing or repairing air conditioner units at Defendants' customers' residences as well

as installing other equipment such as accessibility ramps.  Plaintiff generally worked 11 hour days 6 days per week and over 40 hours per week within a 168 hour period.  Despite the fact that Plaintiff regularly worked more than 40 hours per week in a nonexempt position, Defendants refused to compensate him for time and a half for overtime.  To challenge these and other wage violations, Plaintiff, by and though his attorneys, brings this instant action.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of the action pursuant to 28 USC §§ 1331, 1337, 1343, by virtue of federal questions under the FLSA.

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 USC § 1367.

6.      Venue is proper in the Eastern District pursuant to 28 USC § 1391(b)(ii), 29 USC § 201 *et seq.* as all actions comprising the claims for relief occurred within this judicial district and pursuant to 28 USC § 1391(b)(i) as one or more Defendants reside within this judicial district.

## PARTIES

7.      Plaintiff Edan Moshe is an adult individual residing in Kings County, New York.

8.      Defendant Home Clean Home, Inc. ("HCHI")  is a domestic business entity registered in Kings County, with its principal place of business located at 1323 East 15 street, Brooklyn, NY 11230.

9.      Defendant Nicole Levine a/k/a Nicole Sultana ("Levine"), is an adult individual residing at 1234 East 15 street, Brooklyn, NY 11230.

10.     Levine was an is the owner and CEO of HCHI, who personally manages and oversees the day to day operations of the business, and who is ultimately responsible for all matters with respect to the business and its employees.

11.    Levine is one of the ten largest shareholders of HCHI and an "employer" pursuant to FLSA § 209(b).

12.    Plaintiff timely notified Levine of his intention to hold Levine liable pursuant to NY GBL § 630.

13.    Levine is liable to the Plaintiff for unpaid wages pursuant to NY GBL § 630.

14.    Defendant Ederi Hananya ("Hananya") is an individual residing at 23 Valley Greens Dr, Valley Stream, NY 11681, Nassau County.

15.    Hananya was an is the owner and CEO of HCHI, who personally manages and oversees the day to day operations of the business, and who is ultimately responsible for all matters with respect to the business and its employees.

16.    Hananya is one of the ten largest shareholders of HCHI and an "employer" pursuant to FLSA § 209(b).

17.    Plaintiff timely notified Hananya of his intention to hold Hananya liable pursuant to NY GBL § 630.

18.    Hananya is liable to the Plaintiff for unpaid wages pursuant to NY GBL § 630.

19.    Hananya and Levine ran HCHI as their alter ego.  They did not adhere to any corporate formalities of HCHI.  Specifically, HCHI has no agreement of the shareholders, does not conduct annual or special meetings, keeps no records of any meetings, and does not follow NY BCL rules. Hananya and Levine also utilize HCHI's assets for personal use and dominate it to the point where HCHI has no existence separate from Hananya and Levine.  Specifically, Hananya and Levine utilized HCHI to employ the Plaintiff and withhold paying him proper wages, causing Plaintiff to incur damages.

20.     Accordingly, because HCHI's owners exercised complete domination and control over it and used HCHI to commit a wrong against the Plaintiff, HCHI's veil should be pierced and personally liability imposed on Defendants Hananya and Levine.

*Enterprise Coverage*

21.     HCHI is in the business of providing home cleaning services and general residential/commercial labor support.

22.     HCHI is engaged in commerce by utilized supplies and installing goods that travel through interstate commerce.

23.     HCHI's employees regularly handle, sell, and work on goods that have been moved in or produced by commerce.

24.     At all times relevant to this action, HCHI was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 USC § 206(a) and 207(a).

25.     At all times relevant to this action, HCHI had annual gross revenues in excess of $500,000.00.

26.     Accordingly, Plaintiff is the type of employee intended to be protected by the FLSA enterprise coverage rules.

*Individual Coverage*

27.     Plaintiff took active part in in interstate commerce by installing goods that travelled through states (air conditioners, parts for accessibility ramps) and personally assisted in carrying and servicing such goods for HCHI.

28.     Accordingly, Plaintiff is also the type of employee intended to be protected by the FLSA individual coverage rules.

29.     Upon information and belief, Defendants does 1 – 3 represent offices, directors, owners, and/or managing agents of HCHI who participated in day-to-day operations of HCHI and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 USC § 203(d) and regulations promulgated thereunder, 29 CFR § 791.2, as well as the New York Labor Law "NYLL" § 2, *et seq.* and are jointly and severally liable along with Defendant Home Clean.  The identities, addresses and names of Does 1-3 are currently unknown and will be obtained through discovery.

## COLLECTIVE ACTION ALLEGATIONS

30.     Pursuant to 29 USC § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant at any time since January 5, 2020 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid minimum wages for all hours worked and/or overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per worked (the "Collective Action Members").

31.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is currently unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least 30  members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

32.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and

class action litigation.  Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

33.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

34.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants acted on grounds that are generally applicable to all members.  Among the common questions of law and fact common to the Plaintiff and other Collective Action Members are:

   a.    whether the Defendants employed the Collective Action Members within the meaning of the FLSA;

   b.    whether the Defendants failed to keep  true and accurate time records for all hours worked by the Plaintiff and the Collective Action Members;

   c.    what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d.    whether Defendants failed to post or keep posted a notice explaining overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of CFR § 516.4;

e.      whether Defendants failed to pay the Collective Action Members overtime
compensation for hours worked in excess of 40 per workweek, in violation of the
FLSA;

f.      whether Defendants' violations of the FLSA are willful as that term is used within
the context of the FLSA;

g.      whether Defendants are liable for all damages claimed hereunder, including but
not limited to compensatory, punitive, and statutory damages along with interests,
costs, disbursements and attorneys' fees; and

h.      whether the Defendants should be enjoined from such violations of the FLSA in
the future.

35.     Plaintiff knows of no difficulty that will be encountered in the management of this
litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

36.     Plaintiff sues on the individual behalf and on behalf of a class of persons under FRCP §§
23(a), (b)(2) and (b)(3).

37.     Plaintiff brings the NYLL claim on behalf of all persons employed by the Defendants at
any time prior to January 5, 2020 to the entry of judgment in this case (the "Class Period"), who
were non-exempt employees within the meaning of NYLL and have not been paid for all hours
worked by them as well as the overtime wages in violation of the NYLL.

38.     The persons in the Class identified above are so numerous that joinder of all members is
impracticable.  Although the precise number of such persons is unknown, and the facts on which
the calculation of that number are presently within the sole control of the Defendants, upon
information and belief, there are at least 30 members of the Class during the Class Period.

39.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particular in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

40.     The Defendants acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

41.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

42.     Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

43.     There are questions of law and fact common to the Class which predominate over any other questions solely affective individual members of the Class, including but not limited to:

    a.      whether Defendants employed members of the Class within the meaning of the NYLL;

    b.      whether Defendants failed to keep true and accurate records for all hours worked by the Plaintiff and members of the Class;

    c.      what proof of hours worked is sufficient where employers fail in their duty to maintain records;

    d.      whether Defendants failed and/or refused to pay members of the Class for all hours worked or to pay premium pay for hours worked in excess of 40 per workweek  within the meaning of the NYLL;

e.      whether Defendants are liable for all damages claimed hereunder including but

not limited to compensatory, interests, costs and disbursements and attorneys'

fees;

f.      whether the Defendants should be enjoined from such NYLL violations in the

future.

**FACTUAL ALLEGATIONS**

44.     Edan was employed by Defendants from ~~Arpil~~April 2022 through July 3, 2022.

45.     Edan agreed to be compensated at a rate of $1,500.00 per 40 hours of work and was paid once per week.

46.     Although the payments varied slightly depending on tasks performed and days worked, Edan generally received payments in the range of $1,200.00 to $1,550.00 per week.

47.     Edan was employed in the capacity of a general laborer/helper.  Specifically, he assisted with installing various mechanical equipment for Defendants' clients such as access ramps and air conditioners.

48.     While employed in this capacity, Plaintiff and other similar employees followed a schedule but otherwise was not expected to log his hours.

49.     Although his hours varied, Edan and other similar employees generally worked 6 days a week, at approximately 12 hours per day.

50.     Due to the nature of his responsibilities, Edan and other similar employees were rarely able to take a break during his shifts.  To the extent he was able to take a break at all, it was generally in the range of 5-20 minutes.

51.     As such, Edan and other similar employees generally worked mover than 70 hours per week.

52.     Defendants did not pay Plaintiff and other similar employees a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek.

53.     On most days, Edan and other similar employees worked more than 10 hours per day.

54.     For those days on which Edan and other similar employees worked more than 10 hours per day, Defendants did not pay him an additional one-hour's pay at the applicable minimum wage rate.

55.     Throughout the time period that Plaintiff worked for the Defendants, and, upon information and belief, both before and after that time continuing until the present, Defendants have likewise employed other individuals in positions similar to the Plaintiff as a general laborer.

56.     Such individuals have worked in excess of 40 hours a week, yet Defendants have likewise failed to pay them overtime compensation of one and one-half their regular hourly rate of pay.

57.     Upon information and belief, throughout all relevant timer periods and during the course of Plaintiff's own employment and while Defendants employed the Collective Action Members, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

58.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate, the New York overtime rate, and willfully refused to pay wages in their entirety.

## COUNT I- VIOLATIONS OF THE FLSA

59.     Plaintiff incorporates the allegations set forth in preceding paragraphs as if fully set forth herein.

60.     At all relevant times, Defendants were and are "employers engaged in interstate commerce" within the meaning of the FLSA, 29 USC §§ 206(a) and 207(a).

61.     At all time relevant hereto, Defendants employed, and/or continue to employ Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

62.     Upon information and belief, HCHI has had gross revenues in excess of $500,000.00.

63.     Plaintiff consents in writing to be a party to this action pursuant to 29 USC § 216(b).

**Failure to properly pay overtime**


64.     At all times relevant hereto, Defendants had a policy and practice of refusing to pay and overtime wages at a rate of one and one-half of the regular rate of pay to its employees.

65.     As a result of Defendants' willful failure to compensate employees, including the Plaintiff and the Collective Action members, at a rate of one and one-half times the regular rate of pay for worked performed over 40 hours in a workweek, Defendants violated and continue to violate the FLSA, 29 USC §§ 201, *et seq.* including 29 USC §§ 207(a)(1) and 215(a).

**Record-keeping failures**

66.     At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding wages, hours, and other conditions of employment of Plaintiff and Collective Action members and to preserve records sufficient to determine wages, hours and other conditions and practices, in violation of FLSA and 29 USC § 211(c) , 215(a), and 29 CFR § 516.

67.     Specifically, Defendants never provided check stubs, kept any type of time-records, nor kept track of hours worked by the Plaintiff or the Collective Action Members.

**Willful and not based on good faith & entitlement to damages**

68.     Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

69.     Furthermore, Defendants were previously sued for the same violations in 2010. Specifically, Defendants HCHI and Levine were parties to a lawsuit brought by Tiffany Martinez within the District Court for the Southern District of New York, bearing case # 10-cv-6465. Despite receiving notice of its violations, Defendants still engaged in similar practices with the Plaintiff and the Class in this matter.

70.     The foregoing conduct constitutes a "willful" violation of the FLSA 29 USC § 255(a), especially in light of the fact that the last paycheck payment was stopped, and the fact that the amounts paid to the Plaintiff were certainly below minimum wage.

71.     As a result of violations by the Defendants, Plaintiff and the Collective Action Members are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest as set forth in the FLSA 29 USC § 216(b).

## COUNT II- VIOLATIONS OF THE NEW YORK LABOR LAW

72.     Plaintiff incorporates the allegations set forth in preceding paragraphs as if fully set forth herein.

73.     At all relevant times, Plaintiff and the members of the Class were employed by Defendants within the meaning of NYLL § 2 , 651, and 652.

74.     Defendants' violations of the NYLL have caused Plaintiff and the members of the Class irreparable harm for which there is no adequate remedy at law.

**Failure to pay overtime**

75.     Defendants failed to compensate Plaintiff and members of the Class at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek in violation of the NYCCRR Title 12 § 142-2.2.

**Spread of hours**

76.     Plaintiff and members of the Class worked more than 10 hours on at least some workdays, but Defendants failed to pay them an additional one-hour's pay at the applicable wage rate in contravention of NYCCRR Title 12 § 137-1.7.

**Failure to provide break time**

77.     Plaintiff and members of the Class were employed in or in connection with Defendants' "mercantile or other establishment".  Plaintiff worked a shift of more than 6 hours extending over the noon day meal timeframe (11am-2pm).

78.     Defendants failed to provide Plaintiff and members of the Class at least 30 minutes for the noon day meal in violation of NYLL § 162(2).

79.     The New York Commission of Labor issued no authority to Defendants to provide shorter meal periods for Plaintiff and members of the Class

**Record-keeping failures**

80.     At all relevant times, Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages to all employees, and other similar information in contravention of NYLL § 661.

81.     At all relevant times, Defendants failed to establish, maintain and preserve for not less than 3 years payroll records showing hours worked, gross wages, deductions and net wages for each employee in violation of NYLL § 195(4) and 12 NYCCRR § 142-2.6.

82.     Defendants also failed to keep a time book showing names and addresses of employees and the hours worked by each of them in each day, in violation of NYLL § 161(4).

**Willfulness and damages**

83.     Defendants willfully violated rights of the Plaintiff and rights of members of the Class rights by failing to pay them for all hours he actually worked and/or failing to pay him at a rate of not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek in violation of 12 NYCCRR § 142-2.2.

84.     Due to Defendants' New York Labor code and law violations, the Plaintiff and members of the Class are entitled to recover unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing this action pursuant to NY Labor Code § 663(1).

**JURY DEMAND**

Plaintiff demands a trial by jury of all triable issues pursuant to FRCP § 38 and the 7th Amendment to the United States Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and all others similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a)     Certification of this action as a class action pursuant to FRCP § 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b)     An order tolling the statute of limitations;

        c)      Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 USC § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 USC § 216(b) and appointing Plaintiff and his counsel to represent the Collective Class members;

        d)      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

        e)      An order imposing personal liability on individual Defendants pursuant to NY GBL § 620;

        f)      An order piercing the corporate veil of Defendant Home Clean Home, Inc. and imposing personal liability on individual Defendants;

        g)      An injunction against the Defendants, its offices, agents, successors, employees, representatives and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices set forth herein;

        h)      An aware of unpaid hour worked and unpaid overtime compensation due under the FLSA and the NYLL;

        i)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 USC § 216 and the NYLL;

        j)      An award of prejudgment and post judgment interest;

        k)      An aware of costs and expenses along with statutory attorneys' fees; and

        l)      Any other and further relief as to this Court may seem just and proper.

Dated: January 4, 2023

/s/ Sol Kodsi, Esq.
/s/Roman Leonov, Esq.
Sol Kodsi, Esq. and Roman Leonov, Esq.
Attorneys for Plaintiff
111 John Street, Ste 1640
New York, NY  10038
212-518-1503 – Roman Leonov
RLeonov@VaLeLawGroup.com
212-240-9704 – Sol Kodsi
S.Kodsi@kodsilaw.com